# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

Filed & Entered
On Docket
June 13, 2014

_____

**In re**
    Scott Carpenter,                                          Chapter 7
        Debtor.                                              Case # 13-10080
_____

**Garceau Auto Sales, Inc.**
        Plaintiff,                                           Adversary Proceeding
    v.                                                                # 13-1011
**Scott Carpenter,**
        Defendant.
_____

*Appearances:*  John C. Gravel, Esq.                                 James B. Anderson, Esq.
                  Burlington, VT                                                 Ryan Smith & Carbine LTD
                  For the Defendant                                         Rutland, VT
                                                           For the Plaintiff

## MEMORANDUM OF DECISION
### DEFERRING DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING DEFENDANT TO FILE RESPONSE TO PLAINTIFF'S RULE 56(C)(2) OBJECTIONS

        Garceau Auto Sales, Inc. (the "Plaintiff") filed a complaint against Scott Carpenter (the "Debtor" or "Defendant"), seeking a determination that a $55,500 debt arising out of the Defendant's purchase of two automobiles is non-dischargeable as a result of the Defendant's alleged false pretenses, false representations, or actual fraud. The Defendant filed a motion for summary judgment, seeking dismissal of the complaint based upon the Defendant's alleged mental incapacity, arising from a documented bipolar disorder. For the reasons set forth below, the Court finds the matter is not yet ripe for adjudication and will defer a determination on the motion for summary judgment until after the Defendant files a supplement to his reply to the Plaintiff's response to that motion.

### JURISDICTION

        This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by Chief Judge Christina Reiss on June 22, 2012. The Court declares the claims addressed by the instant motion to be core matters under 28 U.S.C. § 157(b)(2)(I), over which this Court has constitutional authority to enter a final judgment.

## ISSUE PRESENTED

The Court must determine whether the parties have presented sufficient information for the Court to determine if the Defendant is entitled to a judgment, as a matter of law, that the subject debt is not excepted from discharge.

## PROCEDURAL HISTORY

On February 7, 2013, the Debtor filed a voluntary Chapter 7 petition for relief (ch 7 # 13-10080, doc. # 1). On July 23, 2013, Garceau Auto Sales, Inc. filed a complaint initiating this adversary proceeding (ch 7 # 13-10080, doc. # 30; AP # 13-1011, doc. # 1), which the Plaintiff amended on July 31, 2013 (ch 7 # 13-10080, doc. # 34; AP # 13-1011, doc. # 4) and August 1, 2013 (ch 7 # 13-10080, doc. # 35; AP # 13-1011, doc. # 5) (the "Complaint"). The Defendant filed an answer to the Complaint on August 15, 2013 (doc. # 6)[1], which the Defendant amended on October 8, 2013 (doc. # 7). On April 17, 2014, the Defendant filed a motion for summary judgment (the "Motion") accompanied by a statement of undisputed material facts (the "SUMF") (doc. ## 19, 19-1). The Plaintiff filed an opposition to the Defendant's Motion (doc. # 20) and a response to the Defendant's SUMF (the "Response") (doc. # 20-1) on May 15, 2014, to which the Defendant filed a reply on June 10, 2014 (the "Reply") (doc. # 21).

## UNDISPUTED MATERIAL FACTS

Based upon the record in this proceeding, and in particular, the SUMF and Response, the Court finds the following facts to be material and undisputed:

1. Beginning in 1986, the Defendant owned and operated a used car business known as Mansfield Motor Car, Inc. ("Mansfield Motor"), a Vermont corporation. SUMF ¶ 1; Response ¶ 1.
2. Beginning in 1986, the Defendant was the sole shareholder and President of Mansfield Motor. SUMF ¶ 1; Response ¶ 1.
3. On or about June 20, 2012, the Defendant purchased from the Plaintiff a 1955 Chevrolet 210 (VIN # B550053530), and paid for it with a check in the amount of $35,000. SUMF ¶ 21; Response ¶ 21.
4. The $35,000 check was dishonored for insufficient funds. SUMF ¶ 23; Response ¶ 23.
5. To resolve the dishonored check, the Defendant and the Plaintiff agreed to "swap" cars and a check for the difference. SUMF ¶ 24; Response ¶ 24.
6. On July 6, 2012, the Plaintiff gave the Defendant a second vehicle worth $37,500, and the Defendant gave the Plaintiff four vehicles worth a total of $55,000, together with a check for $17,000, for a total value of $72,500. SUMF ¶ 25; Response ¶ 25.

---

[1] All references to the docket refer to AP # 13-1011 unless otherwise indicated.

7. The $17,000 check cleared. SUMF ¶ 26; Response ¶ 26.

8. All four vehicles the Defendant gave to the Plaintiff were encumbered by liens held by the Defendant's creditors. SUMF ¶ 27-28; Response ¶ 27-28.

9. On or about July 18, 2012, the Defendant's creditors removed a number of vehicles from Mansfield Motor's lot, including the two vehicles the Plaintiff had conveyed to the Debtor during the "swap." SUMF ¶ 31-35; Response ¶ 31-35.

10. On July 25, 2012, the Defendant was involuntarily admitted to Fletcher Allen Health Care's psychiatric unit. SUMF ¶ 36; Response ¶ 36.

11. During the month of October 2012, the State of New York brought charges against the Defendant for several bad checks he had written, drawn on Mansfield Motor's bank account, including the $35,000 check written to the Plaintiff. SUMF ¶ 46; Response ¶ 46.

12. On March 14, 2014, the Supreme County Court of New York for Clinton County found the Defendant was not responsible for the offense of bad check writing because at the time he wrote the checks he had a "mental disease or defect." SUMF ¶ 53; Response ¶ 53.

## LEGAL STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir. 2006).

If the moving party meets its initial burden, the burden then shifts to the nonmoving party to come

forward with evidence sufficient to create a genuine dispute as to a material fact for trial. First Am. Title Ins. Co. v. Moses (In re Moses), 2013 Bankr. LEXIS 2917, *13-14 (Bankr. E.D.N.Y. 2013). To meet this burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, it must present "significant probative evidence" that a genuine dispute of fact exists. Anderson, 477 U.S. at 249 (citation and internal quotation marks omitted).

## DISCUSSION

The Complaint in this proceeding seeks an Order declaring that the debt the Defendant owes to the Plaintiff is excepted from discharge because the Defendant incurred it "through false pretenses, a false representation or actual fraud." 11 U.S.C. § 523(a)(2)(A).[2] In moving for summary judgment, the Defendant asserts that he is entitled to a judgment denying the relief the Plaintiff seeks in the Complaint, based upon the record he has established in the documents he has filed, i.e., without need for trial. To rule on the Motion, the Court must first identify the legal standard the Plaintiff must meet to obtain the relief in the Complaint, and then determine if the undisputed facts before the Court are sufficient to demonstrate the Plaintiff is not entitled to judgment for that relief as a matter of law, based solely upon the undisputed facts in the record.

To except a debt from discharge under 523(a)(2)(A), a plaintiff must show that (1) the debtor made the representation, (2) at the time of the representation, the debtor knew it to be false, (3) the debtor made the representation with the intent and purpose of deceiving the plaintiff, (4) the plaintiff justifiably relied on the representation, and (5) the plaintiff sustained a loss or damage as the proximate consequence of the representation having been made. First Am. Title Ins. Co., 2013 Bankr. LEXIS 2917 at *25-26; Robare v. Jadallah (In re Jadallah), 2010 Bankr. LEXIS 2477, *4-5 (Bankr. D. Vt. 2010) (citing Field v. Mans, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995)). Because direct proof of a debtor's state of mind is generally not available, a debtor's intent may be inferred from the totality of the circumstances. Nat'l Physicians Holdings Co. v. Enright (In re Enright), 2013 Bankr. LEXIS 4887, *23 (Bankr. D. Vt. 2013).

The parties do not dispute that the Defendant's conduct satisfies the first, fourth, and fifth elements set out above. See undisputed facts above ## 3-9. Although the Defendant sets forth multiple arguments in support of his position that the Court should deny the relief Plaintiff seeks in the Complaint, all of the Defendant's arguments pertain to the second and third elements. Specifically, the Defendant avers that he suffers from bipolar disorder and that, during the period he incurred the debt at issue, he had entered into a manic phase characterized by delusions of grandeur, insomnia, risky financial decisions, impulsive

---

[2] All statutory citations refer to Title 11 United States Code (the "Bankruptcy Code") unless otherwise indicated.

purchases, and a disconnect with his financial situation. See doc. # 19, p. 7-8. Thus, the Defendant concludes he lacked the requisite mental capacity to comprehend that his representations were false and that his actions were deceptive. Id. Alternatively, the Defendant argues that he genuinely intended to repay the Plaintiff – he was simply irrationally optimistic about his ability to do so, as a result of his mental illness. Id. at p. 11-12.

The Plaintiff, in its opposition to the Motion, argues that the Defendant's mental capacity, and subsequently the Defendant's knowledge and intent, is a disputed issue of material fact that must be decided by an evidentiary hearing. See doc. # 20, p. 1. Additionally, the Plaintiff objects to a number of facts set forth in the Defendant's SUMF on the basis that they are inadmissible hearsay. See doc. # 20-1; see also Fed. R. Civ. P. 56(c)(2). In his Reply, the Defendant argues that the Plaintiff has failed to present specific facts establishing that the Defendant is not entitled to summary judgment. See doc. # 21. Additionally, the Defendant argues that the documents he has proffered to establish the facts upon which the Motion relies – and to which the Plaintiff objects – are admissible. See doc. # 21. Finally, the Defendant argues, for the first time, that the Plaintiff is precluded from relitigating the question of intent due to the New York court's finding that the Defendant was suffering from a mental disease or defect at the time of writing the $35,000 check. See doc. # 21, undisputed facts above #12.  The Court will first address the hearsay objections.

### I. Admissible facts for purposes of a motion for summary judgment.

Federal Rule of Civil Procedure 56(c)(1), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that:

> A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by:
>   (A) citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ... admissions, interrogatory answers, or other materials; . . .

The Defendant supports his arguments for summary judgment almost entirely through citations to two reports and one summary (collectively, the "Reports"), authored by three different medical practitioners. See SUMF ¶ 6-20, 37-44; see generally doc. # 19.  One report, written by the Defendant's primary attending physician during his involuntary psychiatric hospitalization, diagnosed the Defendant with "bipolar affective disorder – most recent episode mania; severe with psychotic features." See doc. # 19. It indicates that the Defendant's business transactions "were impulsive, high risk, and financially unsound [as] a direct result of his mania;" that the Defendant's actions were "not in any way preplanned or calculated;" that the Defendant "had no intention of harming anyone at the time of his financial/business transactions;" and that "he believed the actions he was taking were for legitimate business reasons." See

5

doc. # 19. The other report, prepared in conjunction with criminal charges leveled against the Defendant in Vermont, acknowledged the Defendant's diagnosis and concluded that at the time of the Defendant's alleged offenses he was "manifesting symptoms of an acute manic episode with psychotic features," and his "increased impulsiveness, disinhibition and recklessness ... were likely a manifestation of his acute manic state at the time." See doc. # 19.

The Plaintiff objects to the inclusion of these Reports on the basis they are inadmissible hearsay and cannot be presented in a form that would be admissible in evidence. See doc. # 20-1 (citing Fed. R. Civ. P. 56(c)(2)). Federal Rule of Civil Procedure 56(c)(2), as amended in 2010, provides that a party may object that material cited to support a fact cannot be presented in a form that would be admissible in evidence. "[The] Rule simply provides that the evidence must be capable of presentation in admissible form at the time of trial; it does not require that the materials be presented in an admissible form on summary judgment." Gordon v. Kaleida Health, 2014 U.S. Dist. LEXIS 41417, *36 (W.D.N.Y. Mar. 24, 2014); see Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013) (holding submission in opposition to (or in support of) summary judgment need be considered only to extent that it would have been admissible at trial); Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012) (citing Fed. R. Civ. P. 56(c)(2) in stating that, in ruling on motion for summary judgment, court may rely on any material that would be admissible at a trial) cert. denied, 133 S. Ct. 1242, 185 L. Ed. 2d 178 (U.S. 2013). The Defendant's Reply, in turn, attempts to address the Plaintiff's objections by establishing the Reports are admissible hearsay. However, neither party has squarely addressed the full measure of the Rule 56(c)(2) issue.

The 2010 amendments were intended "'to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts.'" Tzanetis v. Weinstein & Riley, P.S., 2010 U.S. Dist. LEXIS 101818 (D. Conn. 2010) (quoting Fed. R. Civ. P. 56 advisory committee's note). The 2010 amendments to Rule 56(c)(2) "'eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated.'" Kobe v. Haley, 2013 U.S. Dist. LEXIS 113206, *20 (D.S.C. 2013) (quoting Brown v. Siemens Healthcare Diagnostics, Inc., 2012 U.S. Dist. LEXIS 106569, 2012 WL 3136457, at *6 (D. Md. 2012)). "The amendment replaces a clear, bright-line rule ('all documents must be authenticated') with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial." Herrera v. Ilhan, 2013 U.S. Dist. LEXIS 87317, *26 (D. Md. 2013) (quoting Ridgell v. Astrue, 2012 U.S. Dist. LEXIS 28141, at *9 (D. Md. 2012)). "The revised Rule ... clearly contemplates that the

6

proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent an opportunity to properly support or address the fact, if the court finds the objection meritorious." ForeWord Magazine, Inc. v. OverDrive, Inc., 2011 U.S. Dist. LEXIS 125373, *5 (W.D. Mich. 2011); see Alfonso v. SSC Pueblo Belmont Operating Co., LLC, 2012 U.S. Dist. LEXIS 95641, *3 (D. Colo. 2012); Kelley v. Speciale (In re Gregg), 2013 Bankr. LEXIS 3285 (Bankr. M.D. Ga. 2013). "Once challenged, the proponent of the evidence may explain 'the admissible form that is anticipated.'" Sobel v. Hertz Corp., 291 F.R.D. 525, 533, 2013 U.S. Dist. LEXIS 40471, *11-12 (D. Nev. 2013) (quoting Fed. R. Civ. P. 56 advisory committee note).

The Plaintiff's objections have merit. Federal Rule of Evidence 802 provides that hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Federal Rule of Evidence 801(c) defines hearsay as a statement that (1) the declarant does not make while testifying at the current trial or hearing, and (2) a party offers in evidence to prove the truth of the matter asserted in the statement. The facts in the Defendant's SUMF to which the Plaintiff objects are supported solely by citations to the Reports, as described above. Those Reports are statements made other than during a trial or hearing before this Court, and are offered to prove the truth of the matter asserted – namely, that the Defendant suffered from bipolar disorder at the time of the transactions in question, and that his disorder prevented him from having the requisite knowledge and intent required under § 523(a)(2)(A). As such, they are hearsay and not admissible unless the Defendant identifies a federal statute, Rule of Evidence, or other rule permitting them to be admitted in their current form. To date, he has not done so.[3]

Having found the Plaintiff's objections to be meritorious, the Court finds it appropriate to provide the Defendant "an opportunity to properly support or address the facts objected to." Foreword Magazine, 2011 U.S. Dist. LEXIS 125373, at *5. Federal Rule of Civil Procedure 56(e)(1) states that "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact..." The advisory committee notes to Rule 56(e)(1), and subsequent case law, recognize that this approach is particularly favored. "Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many cases this opportunity will be the court's *preferred first step*." Fed. R. Civ. P. 56 advisory committee notes, 2010 amendments (emphasis added); see Hargis v. Atl. County Justice Facility, 2014 U.S. Dist. LEXIS 58941, *30 (D.N.J. 2014);

---

[3] The Defendant attempts to argue that the Reports are admissible hearsay. However, the Defendant relies on Vermont Rules of Evidence 803(3) and 803(4). The Vermont Rules of Evidence are not a federal statute, Federal Rule of Evidence, or other rule prescribed by the Supreme Court.

7

Mulrooney v. Corp. Serv. Co., 2013 U.S. Dist. LEXIS 42876, *52 (D. Del. 2013); see, e.g. Cobalt Multifamily Investors I, LLC v. Shapiro, 2014 U.S. Dist. LEXIS 44933, *6-7 (S.D.N.Y. 2014) (court provided multiple opportunities to file responsive statement of material facts); GenOn Mid-Atlantic, LLC v. Stone & Webster, Inc., 2012 U.S. Dist. LEXIS 54680, *9 n. 6 (S.D.N.Y. 2012) (noting court's authority to provide opportunity to properly support or address fact but declining to do so due to other genuine issues of material fact). The Court will follow this course and require the Defendant to promptly file whatever documents and arguments he believes demonstrate that (1) the evidence he relies upon in his Motion is admissible in its current form, or (2) that evidence can be presented in an admissible form. If the Defendant fails to demonstrate this, the Court will sustain the Plaintiff's objections and schedule a trial to adjudicate the merits of the Complaint.

## II. Issue preclusion.

In his recently filed Reply, the Defendant raised for the first time the argument of issue preclusion. While he did specifically refer to the New York court's finding of mental disease or defect in his Motion, he did not identify it as a basis for precluding some of the Plaintiff's arguments. See doc. # 19, 21. This Court has previously declined to permit a party to raise a new argument in a reply brief. See In re R & G Properties, Inc., 2008 Bankr. LEXIS 3132 (Bankr. D. Vt. 2008); see also U.S. v. Pepin, 514 F.3d 193, 202 n. 13 (2d Cir. 2008); Playboy Enterprises, Inc. v. Dumas, 960 F.Supp. 710, 720 n.7 (S.D.N.Y. 1997) (stating "[a]rguments made for the first time in a reply brief need not be considered by a court"). The Court must weigh the importance of considering this new argument, against the potential resulting prejudice and delay, in light of the particular facts and circumstances of this proceeding. In R & G, this Court and the parties faced extreme time restraints, and the Court found that considering the 11th hour argument would introduce factual ambiguity which might require its own evidentiary hearing. Since the argument was entirely new, and based upon these two factors, the Court denied consideration of the argument raised in the reply. The circumstances in the instant case are much different. Here, there are no exigent time constraints facing the parties, nor is there any likelihood that consideration of the recently articulated issue preclusion argument would generate any new factual ambiguities or legal complexities. Moreover, the Defendant's argument may be viewed as an extension of the Defendant's previous assertion that "[the Defendant] has already been found, by ... a jury, to have lacked the mental capacity to have committed fraud." Doc. # 19. Therefore, in the exercise of its discretion, the Court will consider the Defendant's newly raised argument, and give the Plaintiff an opportunity to file a memorandum in opposition to this argument.

## CONCLUSION

      For the reasons set out above, the Court finds that the Plaintiff's objections to the facts that Defendant proffers as undisputed are meritorious and that, under the applicable rule, this litigation can be most swiftly resolved by requiring the Defendant to file a supplement to his Reply to the Plaintiff's objections. The supplement should be in the form of a memorandum of law and may include arguments only relating to issue preclusion and the admissibility of the documents upon which the Defendant relies in his SUMF. The Plaintiff may file a memorandum of law responding to the Defendant's supplement.[4] The Court will defer rendering a decision on the Defendant's motion for summary judgment until after the parties have supplemented the record with respect to the Rule 56 issues and the Defendant's issue preclusion argument, according to the schedule set out in the accompanying order.

      This memorandum constitutes the Court's findings of fact and conclusions of law.

June 13, 2014  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

[4] Pursuant to Vt. LBR 9013-5(a), the parties' supplement and response are limited to 15 pages.